IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION

JONATHAN ELLIOT GOODMAN                                                    PLAINTIFF
ADC #141664

v.                          CASE NO. 5:12CV00157 BSM/HDY

RAY HOBBS, *et al.*                                                        DEFENDANTS

## ORDER

The proposed findings and partial recommended disposition [Doc. No. 65] submitted by United States Magistrate Judge H. David Young and the objections thereto have been reviewed. After careful consideration and a *de novo* review of the record, it is found that the proposed findings and partial recommended disposition should be, and hereby are, approved and adopted except with respect to the recommendation to allow plaintiff Jonathan Goodman to proceed to a jury on his failure to intervene claim.

Goodman's failure to intervene claim arises from his allegation that defendants Edwin Robinson, Darren Dill, and Levi Jamison assaulted him while attempting to move him to another cell. Goodman claims that defendants Jerry McGehee, Timothy Holcomb, Bobby Jones, Michael Moseley, and Harriett Posey witnessed the assault but failed to intervene. Goodman filed a grievance after the assault against Robinson, Dill, and Jamison but did not complain about a "failure to intervene" on the part of McGehee, Holcomb, Jones, Moseley, or Posey. In fact, McGehee Holcomb, Jones, and Moseley were not even mentioned in Goodman's grievance, and Posey was only mentioned for protesting the conduct of the alleged assailants—Robinson, Dill, and Jamison.

Because Goodman did not file a grievance against McGehee, Holcomb, Jones, Posey, or Moseley for failing to intervene or protect him, he has not exhausted his administrative remedies with respect to that claim. Accordingly, it is dismissed without prejudice. *See, e.g., Jones v. Hobbs*, No. 12-2002 (8th Cir. Jan. 22, 2013) (per curiam) (finding that inmate failed to exhaust his administrative remedies against two ADC employees because he did not name either of them in his grievance papers, as required by the grievance policy of the ADC).

IT IS THEREFORE ORDERED THAT:

1. Goodman is allowed to proceed to jury trial only on his individual capacity claims against defendants Robinson, Dill, and Jamison, arising from the use of force against him prior to his placement in the quiet cell on August 3, 2011.

2. Goodman's failure to intervene claim against McGehee, Holcomb, Jones, Moseley, and Posey is dismissed without prejudice for failure to exhaust administrative remedies, and those defendants are terminated.

2. All other claims are dismissed with prejudice, and Ray Hobbs, Gaylon Lay, Marie Austin, and Johnnie Hines are also terminated as party defendants.

3. The motion for summary judgment filed by defendants Hines and Austin [Doc. No. 52] is denied as moot.

4. The motion for summary judgment filed by defendants Lay, Hobbs, Holcomb, Jamison, Jones, Dill, McGehee, Moseley, Posey, and Robinson [Doc. No. 43] is granted only to the extent that all of Goodman's claims for monetary damages against them in their official capacities are dismissed with prejudice. The motion is denied in all other respects.

Dated this 29th day of April 2013.

                                                              _____
                                                              UNITED STATES DISTRICT JUDGE